UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER LAWRENCE WHITE, )
           Petitioner, )
  ) No. 2:19-cv-249
-v- )
  ) Honorable Paul L. Maloney
CONNIE HORTON, )
           Respondent. )
  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Christopher White filed a petition under 28 U.S.C. § 2254 seeking federal habeas relief from his state conviction. The magistrate judge issued a report recommending this Court deny the petition as untimely. (ECF No. 14.) White objects. (ECF No. 15.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court reviewed the objections de novo. White does not object to the magistrate judge's conclusion that, in 2010, he voluntarily decided not to pursue an appeal of his conviction. The one-year limitation period expired before White filed anything with the state or federal courts.

In his objection, White faults appellate counsel for failing to turn over the various transcripts. The magistrate judge addressed this issue as part of the discussion of equitable tolling. Petition objects (Obj. PageID.204) to this portion of the report and recommendation asserting that he has been diligent in pursuing his constitutional rights. This objection fails. Petitioner does not address the magistrate judge's conclusion that the lack of access to transcripts alone does not warrant equitable tolling. (R&R PageID.192.) And, the record in this action does support the conclusion that Petitioner was diligent. First, Petitioner has not explained the four-year gap between his voluntary decision to abandon his appeal and the time when he obtained the transcripts from counsel. Second, Petitioner has not explained the four-year gap between the time he obtained the transcripts and the time he filed his 6.500 motion with the state trial court.

Having found that this petition is not timely, the Court need not specifically address all of the other objections.

Accordingly, the Report and Recommendation (ECF No. 14) is **ADOPTED** as the Opinion of this Court. White's petition for habeas relief is **DENIED** as time-barred. Having concluded that the petition is time-barred, the Court agrees with the magistrate judge that reasonable jurists would not debate this outcome. The Court **DENIES** a certificate of appealability and also finds that any appeal would be frivolous.

**IT IS SO ORDERED.**

Date: June 26, 2020              /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge